708

BROWN, Regional Director for Twentieth Region of National Labor Relations Board, for and on Behalf of NATIONAL LABOR RELATIONS BOARD v. OIL WORKERS INTERNATIONAL UNION, CIO, et al.

No. 28368.

United States District Court
N. D. California, S. D.

Oct. 27, 1948.

Robert E. Mullin, Sp. Asst. to Atty. Gen., for petitioner.

Julian P. Beek, of San Francisco, Cal., for Union Oil Co. of California.

Lindsay P. Walden, of Ft. Worth, Tex., for Oil Workers Union.

HARRIS, District Judge.

A petition has been filed in this Court by the duly constituted representative of the National Labor Relations Board against the Oil Workers International Union as well as the Local, seeking injunctive relief under Section 10(l) of the Labor Management Relations Act, 29 U.S.C.A. § 160(l), the so-called Taft-Hartley Law. That petition was motivated in the first instance by the charge filed by the Union Oil Company, referred to in the course of these proceedings as the charging party. Petitioner has embodied in its moving papers all the asserted acts of violence and asserted intimidation exercised by the union members. Thus motivated, the petition rests in this Court.

The machinery of the Taft-Hartley Law was immediately set in motion; it became the duty of this Court to go forward.

The arguments have been rather complete, although the time has been limited. I appreciate the industry of counsel, exhibited on both sides, aiding and assisting the Court in a prompt disposition of this case.

I am mindful, of course, that according to counsel representing the respondents, negotiations perhaps are pending with respect to these warring factions. Of course, it is my hope and expectation, as well as the hope of many other persons situated on the Pacific Coast, that those negotiations be culminated in a friendly relationship and a collective bargaining agreement acceptable to both sides. That is the very purpose of any proceeding, be it judicial or extra-judicial.

The record now reflects that there has been no answer filed to the petition denying any of the charging parts thereof, nor has there been any affidavit or affidavits filed denying the affidavits which accompanied the petition, which in turn are now referred to as exhibits herein, save and except one affidavit proffered by the respondents with respect to the question of the agency relationship between the local union and the International. With that exception the affidavits proffered by and received on the part of the petitioner herein stand uncontradicted.

The requirements of a prima facie case are met when the jurisdictional and factual allegations are established. The jurisdic-

tional requirements have been conceded in part, that is, with respect to commerce and the interstate character thereof. The affidavit of the Union Oil Company representative is fair and explicit that interstate commerce is involved.

Acts having been perpetrated in and about the Union Oil refinery at Oleum, California, in violation of Section 8(b), Subdivision (4) (A), of the Taft-Hartley Law, 29 U.S.C.A. § 158 (b) (4) (A), it appears to this Court that the evidence standing as it is, uncontradicted, is convincing that coercive acts were engaged in and threats and intimidations made by the striking employees of the Union Oil Company.

I specifically find in that regard that since on or about September 15, 1948, respondents have induced and encouraged the employees of the Southern Pacific Company, the R. T. Collier Company and the R. B. Cunningham Motor Carrier Company, by intimidation, coercion, threats, force, violence, assaults and picketing, to engage in a strike or concerted refusal to transport or otherwise handle or work on goods, articles, materials and commodities and to perform services, an object thereof being to force or require Southern Pacific Company, R. T. Collier Company and R. B. Cunningham Company to cease doing business with Union Oil Company.

More specifically, I find to be a fact those allegations contained in the charging part of the petition: Subdivision 1, 2 and 3 of Paragraph (f).

With respect to the question raised by counsel for the respondent and argued on the motion to dismiss, whether or not the International Union is properly before this Court as a principal, with respect to the activities of the local oil workers Union referred to as Local 326: It appears to the Court, and the Court finds that the officers, several in number of the International Union, have participated as moving actors in the negotiations antedating the strike, which negotiations were conducted at Los Angeles as well as in the local territory; that in effect, the officers of the International Union control the destinies in large measure of the strike, both antedating the same and in the aftermath. The effect of the telegram which has been received in evidence,[1] signed by a representative of the International Union, shows in clear import and context that the International Union has a control and exercises influence over the local.

If Local No. 326 had seen fit to ignore the mandate of the telegram, that is not a matter for this Court to cogitate on or otherwise be concerned about. That rests upon internal operations between Local 326 and the International. To say that International is a principal for one purpose and not for the other is to beg the issue.

In the case before this Court, I find from the clear import of the by-laws and constitution, the interlocking features between Local 326 and the International, the participation by the International officials in the management and control of Local 326, the financial matters, and other considerations of suasion, that Local 326 of the Oil Workers Union is the agent of and for the Oil Workers International Union.

The decree of this Court is not designed to prevent lawful picketing, nor is this proceeding concerned with any assertion that this Court's jurisdiction is invoked with respect to lawful activities of this union or any other union.

I asked counsel for the National Labor Relations Board very pointedly this morning several questions with respect to the present condition confronting the National Labor Relations Board as well as, collaterally, the Union Oil Company. He has indicated to the Court that he is not so optimistic as counsel for the Respondent that there may not be additional outcroppings

---

[1] "Oct 9 1948.. In view of the numerous citations for contempt of court growing out alleged violation of restricting order I believe it necessary to repeat the oral instructions and advise I have repeatedly given to the effect that all pickets be peaceful and in compliance with the instructions of the Courts. We will of course defend our constitutional and legal rights with the respect to such orders and laws while they are in effect. All striking employees have the duty as citizens and members of the Union to strictly abide by the restricting order and to refrain from any act that would provoke argument or near breaches of the peace."

of asserted violence on the part of the union members.

Accordingly, an interlocutory decree may be entered forthwith enjoining respondents in the particulars as outlined in the petition.

Findings may be presented by the National Labor Relations Board, the petitioner herein, together with the decree. The decree is to be framed in accordance with the pattern as set forth in Section 8, Sub. (b), Paragraph 4, Sub. "A", which as I read the Section, has nothing to do with any proscription against asserted lawful, peaceful picketing. Anything I may have said during the course of my remarks is not intended by the Court to prevent lawful picketing.